IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel McFadden, ) | |
| ) | C/A No. 8:04-0675-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION and ORDER** |
| J. Green, Officer; Maurice Caldwell, ) | |
| Officer; Greg Palmer, Officer; Curt ) | |
| Brown, Officer; Raymond Allen, Officer, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Nathaniel McFadden is an inmate in the custody of the South Carolina Department of Corrections (SCDC). He currently is confined to the Florence County Detention Center in Florence, South Carolina. The events underlying his complaint occurred while Defendants, police officers, arrested Mr. McFadden in Lake City, South Carolina. Plaintiff, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983, asserting that Defendants violated his Fourth Amendment right to be free of excessive force as well as his Eighth Amendment right to be free of cruel and unusual punishment.[1]

This matter is before the court on Defendants' motion for summary judgment filed on November 15, 2004. By order filed November 22, 2004 pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedure and the possible

---

[1] Although Plaintiff alleges claims under the Eighth Amendment prohibition against cruel and unusual punishment, his allegations of excessive force incident to his arrest are more properly analyzed under the Fourth Amendment. Riley v. Dorton, 115 F. 3d 1159, 1161 (4th Cir. 1997). Plaintiff's allegation that he was denied medical treatment as a pre-trial detainee is analyzed under the Fourteenth Amendment's Due Process Clause. Id. at 1166.

1

consequences if he failed to respond adequately. On May 16, 2005, Plaintiff filed a response in opposition to defendants' motion for summary judgment. Plaintiff filed an additional response in opposition to defendants' motion for summary judgment on May 24, 2005.

In accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Bruce H. Hendricks for pretrial handling. The Magistrate Judge filed a Report of Magistrate Judge on July 19, 2005 in which she recommended that summary judgment be granted. Plaintiff filed objections to the Report of Magistrate Judge on August 2, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1)(C). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. Id. The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

I. FACTS

The facts are generally set forth in the Report of the Magistrate Judge. Briefly, Plaintiff was approached by Defendant Officer Maurice Caldwell of the Lake City Police Department in the early morning hours of January 11, 2004 after Officer Caldwell allegedly observed Plaintiff asleep behind the wheel of a vehicle at stop sign. Soon thereafter, Defendant Officer Caldwell was joined by other

Co-Defendant Officers of the Lake City Police Department. Plaintiff ran from his vehicle and was pursued by Defendants. Plaintiff was arrested after use of a taser gun and brought to the police station.

Plaintiff contends that as a result of repeated use of the taser, he suffered a seizure that led to injuries to his face. Plaintiff's Complaint, 4. He further alleges that he was not provided medical treatment while detained immediately following the incident. Id.

## II. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

The Fourth Amendment governs claims of excessive force during the course of an arrest. Riley v. Dorton, 115 F.3d 1159, 1161 (4th Cir. 1997) (citing Graham v. Connor, 490 U.S. 386, 388 (1989)). In determining whether the force used to effect a particular seizure is "reasonable" under the

Fourth Amendment, this court must engage in a "careful balancing of "'the nature and quality of the intrusion on the individual's Fourth Amendment interests'" against the countervailing governmental interests at stake." Graham, 490 U.S. at 396 (additional citations ommitted). The question is whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force. Elliott v. Leavitt, 99 F.3d 640, 642 (4th Cir. 1996) (citing Graham, 490 U.S. at 396-97). "The balancing of competing interests" is "the key principle of the Fourth Amendment." Tennessee v. Garner, 471 U.S. 1, 8 (1985) (citing Michigan v. Summers, 452 U.S. 692, 700, n.12 (1981)).

Plaintiff alleges in his objection to the Magistrate Judge's Report that photographs taken of his injuries are critical to his response to Defendants' summary judgment motion. Plaintiff's Motion to Object to Report of Magistrate Judge at 4-5. According to Plaintiff, photographs of his injuries allegedly taken immediately following the incident at the Lake City Police Station as well as incident reports addressing his injuries and the use of the taser weapon by Defendant Officers support his claim of excessive force incident to his arrest. This court will construe Plaintiff's arguments as an objection to the Magistrate Judge's determination that the "force used by the officers was reasonable under the circumstances." Id. at 5.

The encounter was initiated when Plaintiff was observed to be asleep at the wheel of his car at a four-way stop in the early morning hours. When Defendants attempted to investigate, Plaintiff fled on foot into a residential area. According to Defendants, Plaintiff repeatedly struggled even after they demanded he cease resisting and after they employed their taser weapons. The right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion to effect it. Graham, 490 U.S. at 396. The "reasonableness" of Defendants' use of force must be judged

from the "perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. Therefore, the court finds that Defendant Officers were justified in their use of force and that the force utilized was reasonable under the circumstances.

Plaintiff's additional claim that he was denied medical treatment while in pretrial detention is also without merit. Plaintiff's allegation is governed by the Due Process Clause of the Fourteenth Amendment. Riley, 115 F.3d at 1166. In order to prevail, Plaintiff must show that any injuries he sustained while a pre-trial detainee demonstrate excessive force amounting to punishment. Id. at 1167 (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). Though inconsistent as to the time of the arrival of Emergency Medical Services (EMS),[2] the record indicates Plaintiff was suffering from only minor injuries in the wake of his arrest. Even taking the facts in the light most favorable to Plaintiff, he cannot point to any additional injuries he suffered while detained nor can he establish that any alleged failure by EMS to adequately treat his abrasions resulted in more than *de minimus* injury. Because pre-trial detainees alleging excessive force must show more than *de minimus* injury, Plaintiff's claim that his constitutional rights were violated while detained after arrest fails as a matter of law. Riley, 115 F.3d at 1167.

---

[2] The record is inconsistent as to when, and even if, EMS arrived to treat Plaintiff. The Police Report indicates EMS came to the police department. Police Report Narrative, 2, attached as Exhibit A to Plaintiff's Complaint. The affidavit of Defendant Brown indicates that EMS examined Plaintiff when he "returned to the police car." Aff. of Brown in Support of Motion for Summary Judgment, Entry 25. Defendant Caldwell noted that EMS was called "after Plaintiff was subdued" and that EMS "attempted to examine Plaintiff" but gives no further indication of where or when this alleged examination occurred. Aff. of Caldwell filed in Support of Defendant's Motion for Summary Judgment, Entry 23. Finally, Plaintiff claims EMS was called after he "informed booking officers of his injuries" but does not indicate if they ever arrived beyond the bare assertion that he "wasn't treated." Pl. Objection to Magistrate's Report, 4.

III. <u>CONCLUSION</u>

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated therein and in this order, Defendant's motion for summary judgment is **granted** and the case dismissed.

**IT IS SO ORDERED**.

 /s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina

August 24, 2005.

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**